UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | CASE NO. 4:15CR252 |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Jayquawn Manigault, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Defendant Jayquawn Manigault's motion to clarify his sentence. Doc. 30. More specifically, Manigault asks that Court issue a nunc pro tunc entry to alter his judgment to indicate that his federal sentence should run concurrent to his now-completed state court sentence. Upon review, the motion is DENIED.

Initially, the Court notes that Manigault has offered no legal or factual authority to support his request. These is nothing in Manigault's sentencing hearing transcript that indicates that he requested concurrent sentences, and the Court gave no indication that it would order concurrent sentences. Rather, the only discussion of concurrent and consecutive sentences revolved around whether the state court attorney would request concurrent sentences after the issuance of this federal sentence. Doc. 26 at 9.

With that said, the Court acknowledges that it had the legal authority to order Manigault's sentence run consecutive or concurrent to his not-yet-imposed state court sentence. *See Setser v. United States*, 566 U.S. 231 (2012). However, the Court was not requested to

make such a formal determination and therefore did not. As a result, the plain language of 18 U.S.C. § 3584(a) must apply: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." As the Court did not order the sentences to run concurrent, they must be run consecutively.

The Court notes that had it been asked at the time of the original sentencing, it would also have ordered Manigault's sentence to run consecutive. While Manigault's convictions were for similar crimes, they involved different victims and occurred at different times. As such, consecutive sentences were warranted and appropriate.[1] Accordingly, the motion to clarify is DENIED.

**IT IS SO ORDERED.**

**August 22, 2025**           /s/John R. Adams
**Date**                       **John R. Adams**
                               **U.S. District Judge**

---

[1] Manigault's disciplinary record while incarcerated reinforces the Court's view at the time of sentencing that consecutive sentences were appropriate. Manigault had roughly 23 disciplinary infractions from 2016 to 2023. These infractions including threatening violence against a corrections officer, possession of drugs on at least five occasions, assaulting another inmate "with a lock and sock", extorting money from a cellmate through a threat of violence, possessing a 4.5-inch knife sharpened from a bed spring, attempting to punch an officer, and engaging in a large inmate fight with other Bloods, a gang in which Manigault claims affiliation. In other words, Manigault's post-sentencing conduct has proven that the Court was correct that consecutive sentences were both appropriate and necessary.